**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMY MARIE PHELPS, | No. 16-16591 |
| Plaintiff-Appellant, | DC No. CV 15-00853 SPL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted October 13, 2017[**]
San Francisco, California

Before:    TASHIMA and BYBEE, Circuit Judges, and LEITMAN,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]    The Honorable Matthew Frederick Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

Appellant Amy Marie Phelps applied for Social Security disability insurance benefits. She alleged a disability stemming from back and hip problems, as well as depression and anxiety. An Administrative Law Judge ("ALJ") found that her mental impairments were not severe and that, although her physical impairments were severe, she could still perform her past relevant work. The ALJ therefore concluded she was not disabled and denied her application. In reaching this conclusion, the ALJ discounted certain medical opinions.

The ALJ's denial of Phelps' application was affirmed by the district court. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.  Phelps had the burden to demonstrate that her mental impairments were severe, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and significantly limited her ability to do basic work activities, 20 C.F.R. § 404.1520(c). The ALJ did not err in finding that Phelps failed to meet that burden and, in doing so, discounting the opinions of Drs. Robert Marselle and Kara Cross who each examined Phelps once, and two other non-examining physicians who reviewed Phelps' medical records. Among these opinions, there were material conflicts regarding Phelps' functional limitations.

The ALJ is tasked with resolving such conflicts and ambiguities in the medical evidence. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). To discount these conflicting opinions, the ALJ was required to "provid[e] specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The evidence must be more than a mere scintilla but not necessarily a preponderance." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal quotation marks and citations omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretation thereof, and making findings." *Id.* at 1041 (quoting *Magallanes*, 881 F.2d at 751). The ALJ's "findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (citations omitted).

Here, the ALJ set out in detail the objective findings from the two mental examinations conducted by Drs. Marselle and Cross, noting Phelps' descriptions of the various activities and relationships she was able to sustain and her ability to

3

perform most of the cognitive tasks she was asked to complete. Based on these results, the ALJ found Phelps had at most mild limitations and no episodes of decompensation, and therefore concluded Phelps' mental impairments were not severe. *See* 20 C.F.R. §§ 404.1520a(c), (d)(1). The ALJ then discussed the other evidence regarding Phelps' mental impairments, none of which detailed corresponding limitations or specialized treatment. Based on this evidence, the ALJ gave little weight to Drs. Marselle and Cross' opinions because they were not consistent with their own objective findings, and were inconsistent with the record as a whole. This was sufficient. *See Batson*, 359 F.3d at 1195 (ALJ may discredit medical opinions that are unsupported by record as a whole or by objective medical findings). The ALJ's similar reason for discounting the opinions of the two non-examining physicians was likewise sufficient.

2.     The ALJ also did not err in discounting the opinion of Phelps' treating physician, Dr. Kenneth Lucero, in favor of the opinions of non-examining physicians. Dr. Lucero's opinion on Phelps' physical limitations was contradicted by the opinions of these non-examining physicians. In order to discount it, the ALJ was thus required to provide "specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216. After detailing Phelps' diagnostic results and conservative treatment, and Dr. Lucero's own notes,

4

the ALJ discounted Dr. Lucero's opinion because it was brief, conclusory, and inadequately supported by the clinical findings, as well as inconsistent with both Dr. Lucero's own treatment records and the objective medical evidence as a whole. This was sufficient. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); *see also Tommasetti*, 533 F.3d at 1041 ("incongruity" between a treating physician's opinion on the patient's limitations and the patient's medical records is a "specific and legitimate reason" for discounting that opinion). The ALJ also discounted Dr. Lucero's opinion because it was inconsistent with Phelps' stated ability to sustain certain activities, which is itself a specific and legitimate reason to discount a treating physician's opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Even if the ALJ erred by discounting Dr. Lucero's opinion on this basis, any error was harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

The judgment of the district court is **AFFIRMED.**

LEITMAN, District Judge, concurring in part and dissenting in part.

I agree with the Court that the ALJ did not err in discounting the opinion of Dr. Kenneth Lucero. However, I respectfully dissent from the Court's determination that the ALJ did not err in discounting the opinions of (1) examining doctors Robert Marselle, Ph.D., and Kara Cross, Ph.D., and (2) reviewing doctors David Biscardi, Ph.D, and Yanira Olaya, M.D. As the Court fairly notes, there were conflicts among certain aspects of the opinions offered by these four mental health professionals. But the opinions were consistent in one important respect: Drs. Marselle, Cross, and Biscardi opined that Ms. Phelps was moderately limited in maintaining regular attendance and performing work activities on a consistent basis. And although Dr. Olaya did not opine on that precise point, he did conclude that Ms. Phelps was moderately impaired in maintaining concentration, persistence, and pace. "To reject an uncontradicted opinion of a[n] ... examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9ᵗʰ Cir. 2005). I do not believe that the ALJ satisfied this standard with respect to his rejection of the opinions of Drs. Marselle and Cross (as largely confirmed by Drs. Biscardi and Olaya) that Ms. Phelps was moderately limited as described above.